IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN MATTHEW HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:16-CV-102-WKW |
| | ) | |
| TERRY WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Brian Matthew Hunt ("Hunt"), an indigent inmate presently confined at the Chambers County Jail, against Terry Woods, an investigator with the Chambers County Sheriff's Department who participated in Hunt's arrest.  Hunt is currently incarcerated awaiting trial on a state criminal charge.  In the instant complaint, Hunt challenges (i) the failure of the state court to set a bond in his pending criminal case thereby resulting in his imprisonment on the charged offense, (ii) the jurisdiction of the state trial court, (iii) the defamation of his character, and (iv) his current situation with respect to suffering severe flashbacks of his time in the armed forces.  Pl.'s Compl. (Doc. 1) at 2-3.  Hunt seeks declaratory and injunctive relief, including his release from confinement.  *Id*. at 4.

Upon thorough review of the complaint, the court concludes that this case is due to

be summarily dismissed prior to service of process in accordance with the provisions of 28

U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II.  DISCUSSION

### A.  Lack of Bond

Hunt complains that he is unlawfully imprisoned because "he is being held [without]

a bond."  (Doc. 1) at 2-3.  Under Rule 7.2, Ala.R.Crim.P., judges and magistrates of the

state courts are responsible for determining bond.  Since defendant Woods has no authority

to set or reduce bond in a criminal case, Hunt has failed to state a viable claim for relief

against the defendant.   Thus, this claim is due to be dismissed under 28 U.S.C. §

1915(e)(2)(B)(ii).

### B.  Pending Criminal Charge

To the extent Hunt seeks declaratory or injunctive relief which would require

intervention by this court into criminal proceedings ongoing before the Circuit Court of

Chambers County, Alabama, well settled federal law requires that this court refrain from

issuing such relief.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal

courts should abstain from entertaining civil actions by individuals seeking to enjoin

---

[1] The court granted Hunt leave to proceed *in forma pauperis* in this case.  Order (Doc. 3).  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.

criminal prosecutions against them in state court. *Id*. at 44-45.  "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37).  *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45.  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings.  The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise constitutional challenges.  *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

It is clear that each of the requisite elements for *Younger* abstention are present in this case.  First, Hunt is awaiting trial on a criminal charge before the Circuit Court of Chambers County, Alabama.  Second, enforcement of criminal law is an important state interest.  Finally, Hunt may raise his bond and jurisdiction claims in the pending state court proceedings by filing appropriate motions with the trial court and, if unsuccessful on these motions, petition the Alabama Court of Criminal Appeals for review of any adverse decision.  In addition, if Hunt is convicted of the charge lodged against him, he may present his claim attacking the trial court's jurisdiction on direct appeal before the state appellate courts and/or in a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.  Exceptions to *Younger* abstention are permitted where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief.  *Mitchum v. Foster*, 407 U.S. 225, 230 (1972).  Hunt has not presented any credible basis to warrant application of these exceptions.

Initially, the court finds that the mere fact Hunt must defend himself in a state criminal proceeding does not demonstrate irreparable harm.  *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term.").  Next, the complaint fails to establish the type of bad faith or harassment that would justify

interference by this court in the state criminal proceedings.  Finally, there is no evidence
that the state law(s) under which Hunt has been charged violate the Constitution nor has
he set forth any extraordinary circumstance entitling him to the requested relief.

In light of the foregoing, this court is compelled to abstain from considering the
merits of Hunt's claims which place into question the validity of the pending criminal
charge as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.
*Younger*, 401 U.S. at 43-44.  Consequently, to the extent Hunt requests declaratory or
injunctive relief requiring this court's interference with pending state criminal proceedings,
equity, comity, and federalism concerns require the court to abstain from considering the
claims presented by Hunt.

### C.  Defamation of Character

Hunt complains the defendant defamed his character.  (Doc. 1) at 3.  The law is well
settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander,
defamation, or libel.  *Paul v. Davis*, 424 U.S. 693 (1976); *Charles v. Scarberry*, 340 Fed.
App'x 597, 599-600 (11th Cir. 2009) ("[C]laims of libel and slander do not state a violation
of federal law and are not cognizable in a section 1983 civil rights action.").  The
defamation of character claim is therefore subject to dismissal as frivolous pursuant to the
directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### D.  Cruel and Unusual Punishment - Flashbacks

Hunt complains that his incarceration on the pending criminal charge has resulted

in his suffering "severe flashbacks" of his time as a prisoner of war.  (Doc. 1) at 3.  Hunt makes the conclusory assertion that his flashbacks demonstrate "cruel and unusual punishment."  *Id*.

Allegations presented by a plaintiff must show plausibility in order to avoid dismissal for failure to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 557 (second brackets in original).  "A pleading that offers [only] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  550 U.S. at 555, 127 S.Ct. [at 1965]."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1949.  Although federal courts must liberally construe the allegations made by a *pro se* litigant, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they do not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).  "[T]he tenet that a court must accept as true all [factual] allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In screening the complaint, the court finds that Hunt's allegation regarding flashbacks is insufficient to establish a basis for relief as this claim is nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Moreover, the mere fact that Hunt has found himself in a difficult situation resulting in flashbacks of a prior strenuous time in his life does not plausibly suggest that the defendant acted unlawfully, *id*., nor does it, in and of itself, demonstrate the deprivation of any constitutionally protected right. Additionally, the complaint sets forth only the naked legal conclusion that Hunt has been subjected to cruel and unusual punishment and, as such, "will not do" for purposes of proceeding in this action. *Twombly*, 550 U.S. at 555. For these reasons, this claim is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further

ORDERED that **on or before March 7, 2016** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive,

or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 22nd day of February, 2016.

        /s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE